UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DELTA L. EADY,
                                        Plaintiff,
                                                                        9:05-CV-0824
v.                                                                      (NAM/GHL)

HARLEY G. LAPPIN; KATHLEEN H. SAWYER;
HARRELL WATTS; M.F. RAY; KIM WHITE;
THOMAS E WASHBURN; MICHAEL NALLY;
D.B. DREW; W.A. SHERROD; C. CHESTER;
C. SULLIVAN; E. MILLER; D. MARINI; S. LUCAS;
R. HALLADAY; CINK; DOBSON; S. LIBERTY;
T. ROOT; SMITH; M. PICERNO; MACNERLAND;
B. SALAMY; K. JOHNSON; D. RYAN; S. SNYDER;
BOUTIN; HAMILTON; W.R. EVANS; L. WINGER;
S.D. NILES; D.C. MALONEY; C. WILLIAMS;
D. RIEHLE; B. DOOLEY; J. DAVIS; SILVA; GONYEA;
STONE; P. SHIPMAN; R. BURDT; D. WILCOX; BAKER;
HOLTS; K. HAYES; SYNDER; FITZAPATRICK; LOVETT;
BROWN; E. BROWN; HART; BESAW; POIRIER; DARRAH;
DESILEPS; STRAIGHT; LAPOINT; DUMAS; B. SHULL;
VANYSERLOO; BABCOCK; MINA; PHILLIPS; B. SHENE;
GODDEAU; FITZGERALD; J. PICKREIGN; JAMES DOE;
JIM DOE; and JERRY DOE,
                                        Defendants.
_____

APPEARANCES:                                                OF COUNSEL:

DELTA L. EADY, No. 13057-074
   Plaintiff, *Pro Se*
United States Penitentiary Big Sandy
P.O. Box 2068
Inez, KY 41224

HON. GLENN T. SUDDABY                                       BARBARA D. COTTRELL, ESQ.
U.S. Attorney for the Northern District of New York         Assistant U.S. Attorney
   Counsel for Defendants
445 Broadway, James T. Foley U.S. Courthouse
Albany, NY 12207-2924

GEORGE H. LOWE, United States Magistrate Judge


**ORDER and REPORT-RECOMMENDATION**

This action has been referred to me for Report and Recommendation by the Honorable Normal A. Mordue, Chief United States District Judge, pursuant to Local Rule 72.3(c) and 28 U.S.C. § 636(b). Delta L. Eady ("Plaintiff"), a federal inmate, commenced this *pro se* action against sixty-seven (67) current or former employees of the United States Bureau of Prisons ("Defendants"), pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of his rights under the First, Fifth and Eight Amendments. (Dkt. No. 1.)

Currently pending before the Court are (1) Defendants' motion to revoke Plaintiff's *informa pauperis* status as improvidently granted under 42 U.S.C. § 1915(g) and to dismiss Plaintiff's Complaint unless he pays the requisite court filing fee (Dkt. No. 59), and (2) Plaintiff's cross-motion for sanctions (Dkt. No. 60). For the reasons that follow, I recommend that the Court deny Defendants' motion. In addition, I deny Plaintiff's motion. However, I find that Plaintiff's special status as a *pro se* civil rights litigant should be revoked due to his considerable litigation experience.

**I.  DEFENDANTS' MOTION TO DISMISS**

Under the so-called "Three Strikes Rule" set forth in the federal statute governing *in forma pauperis* proceedings,

> [i]n no event shall a prisoner bring a civil action or appeal . . . under this section if the prisoner has, on 3 or more prior occasions, . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it. . . fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Defendants are correct when they argue that the power of a federal district court to invoke this rule is not limited to the outset of a litigation but extends all throughout the pendency of the proceeding. (Dkt. No. 59, Part 2, at 3-4.) In other words, federal district courts have the authority to rescind or revoke the *in forma pauperis* status that it has previously bestowed upon a plaintiff, where it discovers that the status was improvidently granted.[1] (I note that the sole case that Plaintiff cites in opposition to Defendants' argument on this point–*Hughes v. City of Albany*, 76 F.3d 53 [2d Cir. 1996]–is distinguishable on several grounds.)[2]

Here, the first issue that Defendants' motion raises is when Plaintiff "brought" the current action. The Clerk's Office received Plaintiff's Complaint on July 1, 2005. (Dkt. No. 1 [Plf.'s Compl.].) However, under the "prison mailbox rule," the date of filing is the date that Plaintiff is presumed to have handed the Complaint to a prison guard for mailing, which is the date that the Complaint was apparently signed.[3] Here, that date was April 9, 2005. (Dkt. No. 1, Part 2, at 63

---

[1] *See, e.g.*, *Gill v. Pidlypchak*, 02-CV-1460, 2006 WL 3751340, at *5 (N.D.N.Y. Dec. 19, 2006) (Scullin, J.); *Polanco v. Burge*, 05-CV-0651, 2006 WL 2806574, at *2 (N.D.N.Y. Sept. 28, 2006) (Kahn, J., adopting Report-Recommendation by Homer, M.J.); *Demos v. John Doe*, 118 F. Supp.2d 172, 174 (D. Conn. 2000); *McFadden v. Parpan*, 16 F. Supp.2d 246, 247 (E.D.N.Y. 1998); *see also Rolle v. Garcia*, 04-CV-0312, Report-Recommendation (N.D.N.Y. Jan. 29, 2007) (Lowe, M.J.), *adopted on other grounds*, 04-CV-0312, 2007 WL 672679 (N.D.N.Y. Feb. 28, 2007) (Kahn, J.).

[2] First, *Hughes* did not involve the revocation of plaintiff's *in forma pauperis* status due to the "three strikes" rule. *See generally Hughes*, 76 F.3d at 54-56. Second, in *Hughes*, the Second Circuit's decision turned on the fact that the plaintiff had already been required to pay, and had already in fact paid, a partial filing fee for the action. *Id.* at 55 (discussing scenario in which plaintiff had been required to make partial payment according to version of N.D.N.Y. L.R. 5.4[b][3], which is no longer in effect). Here, the docket does not reflect that Plaintiff has been required to pay, or has already paid, such a partial filing fee. (Dkt. Nos. 4-5.)

[3] *See Shaw v. Superint., Attica Corr. Facility*, 03-CV-0610, 2007 WL 951459, at *3 n.3 (N.D.N.Y. March 28, 2007) (McCurn, J.) (habeas corpus proceeding) [citations omitted]; *Garraway v. Broome County, N.Y.*, 03-CV-0681, 2006 WL 931729, at *3-4 (N.D.N.Y. Apr. 7,

[Plf.'s Compl.].)  However, the Court need not decide whether Plaintiff's Complaint was "brought," for purposes of 28 U.S.C. § 1915(g), on April 9, 2005, or July 1, 2005.  This is because, as of both dates, Plaintiff had acquired, *at most*, only *two* strikes for purposes of 28 U.S.C. § 1915(g).

Specifically, as revealed on the U.S. Court System's PACER Service, those two strikes (or possible strikes) were acquired in the following cases: (1) *Eady v. Head*, 04-CV-0648, Order of Dismissal (W.D. Tex. filed **Oct. 7, 2004**) (dismissing various of Plaintiff's claims for failure to state claim and frivolousness pursuant to 28 U.S.C. § 1915[e][2][B][ii]); and (2) *Eady v. US Federal Bureau of Prisons*, 04-CV-0368, Orders of Dismissal (S.D. Tex. filed **Feb. 25, 2005** and **Apr. 29, 2005**) (dismissing Plaintiff's claims against individual defendants on 2/25/05 for failure to state a claim, dismissing Plaintiff's remaining claims, against Defendant United States of America, on 4/29/05 for failure to state claim and frivolousness pursuant to Fed. R. Civ. P. 12[b][6] and 28 U.S.C. § 1915A[b][1]).

It may appear inconsistent to find that a partial dismissal of Plaintiff's action in *Eady v. Head* might constitute a "strike" but that two partial dismissals of Plaintiff's action in *Eady v. US Federal Bureau of Prisons* do not constitute two "strikes."  The reason for this finding is that, while several courts have held that a strike may be earned for a *partial* dismissal of an action on the grounds described in Section 1915(g),[4] *generally* only one strike may be earned per plaintiff

---

2006) (McAvoy, J.) (prisoner civil rights action) [citation omitted].

[4]    *See, e.g., Comeaux v. Cockrell*, 72 F. App'x 54, 55 (5th Cir. 2003) ("The district court could dismiss part of [the plaintiff's] complaint as malicious, which counted as a strike under 28 U.S.C. § 1915(g), even though the case was ultimately dismissed for failure to comply with court orders."); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-464 (5th Cir. 1998); *Cross v. Harris*, 06-CV-0236, 2006 WL 3834270, at *3 & n.1 (E.D. Ark. Dec. 29, 2006) (counting as a

per action. I say "generally" because several courts have held that a plaintiff, who is proceeding jointly with other plaintiffs, may receive multiple strikes in one action if the claims of his co-

---

strike a prior partial dismissal on ground of frivolousness, even though rest of action was dismissed for failure to exhaust administrative remedies); *President v. Duplichan*, 05-CV-1178, 2006 WL 2540362, at *5 (W.D. La. June 14, 2006) (considering fact that "Plaintiff has had at least three previous civil actions filed in this Court dismissed in whole *or in part* as frivolous, malicious, or for failing to state a claim" in determining whether he had acquired "three strikes" pursuant to Section 1915[g]) [emphasis added]; *Townsend v. Walker*, 06-CV-0361, 2006 U.S. Dist. LEXIS 37723, at *3-4 (S.D. Ill. June 8, 2006) (rejecting plaintiff's argument that "[b]ecause [his] entire case was not dismissed for failure to state a claim, . . . the . . . [partial dismissal] should not count as a strike."); *Shaw v. Weaks*, 06-CV-2024, 2006 WL 1049307, at *6 n.13 (W.D. Tenn. Apr. 20, 2006) (counting as a strike a prior partial dismissal on ground of frivolousness or failure to state claim, even though rest of action was dismissed for failure to exhaust administrative remedies); *Clemons v. Young*, 240 F. Supp.2d 639, 640-641 (E.D. Mich. 2003) (ruling that "a complaint dismissed in part as frivolous and in part without prejudice because of the failure to exhaust administrative remedies is . . . a 'strike' for purposes of 28 U.S.C. § 1915(g)"); *Jones v. Edgar*, 3 F. Supp.2d 979, 981-982 (C.D. Ill. 1998) (counting as a strike a prior partial dismissal on ground of failure to state claim, even though rest of action was dismissed for lack of standing).

I note that contrary authority exists, i.e., supporting the proposition that a strike may *not* be earned for a partial dismissal of an action on the grounds described in Section 1915(g). *See*, *e.g.*, 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal . . . under this section if the prisoner has, on 3 or more prior occasions, . . . brought ***an action*** or appeal . . . ***that was dismissed*** on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .") [emphasis added]; *Powells v. Minnehaha County Sheriff Dept.*, 198 F.3d 711, 713 (8th Cir. 1999) ("The reversal [of the dismissal of] . . . some of [the plaintiff's] claims in [one of his cases] eliminates one of the 'three strikes' that . . . [had been awarded pursuant to § 1915(g)]."); *Boyd v. Sherrer*, 06-CV-2651, 2006 WL 1704471, at *2 (D. N.J. June 16, 2006) ("§ 1915(g) imposes a strike only if the entire action is dismissed."); *Bolden v. Bartley*, 06-CV-0321, 2006 U.S. Dist. LEXIS 31748, at *5-6 (S.D. Ill. May 19, 2006) ("[T]he specific language in § 1915(g) suggests that courts are to issue strikes when an 'action or appeal' is dismissed, as opposed to when a particular 'claim' in the complaint is dismissed . . . ."); *Swenson v. MacDonald*, 05-CV-0093, 2006 U.S. Dist. LEXIS 5784, at *8 (D. Mont. Jan. 30, 2006) ("[Section 1915(g)] does not impose strikes on a per-claim basis but on a per-case basis."); *Moore v. Doan*, 98-CV-2307, 1998 WL 887089, at *5 (N.D. Ill. Dec. 10, 1998) ("[D]ismissing a claim or a party from a case is not dismissing an 'action.'").

I also note that, because an "appeal" is a proceeding distinct from an "action" for purposes of 28 U.S.C. § 1915(g), a strike may be earned both for the dismissal of the plaintiff's action and for the dismissal of his appeal therefrom.

plaintiffs are dismissed for frivolousness or failure to state a claim.[5] In sum, while a plaintiff might earn a strike because some of his claims were dismissed for frivolousness, maliciousness or failure to state a claim, generally he may not earn two strikes because two such dismissals of his claims have occurred, i.e., at different times in the same case. For example, in the case of *Eady v. US Federal Bureau of Prisons*, 04-CV-0368 (S.D. Tex.), Plaintiff's claims against the individual defendants were dismissed on February 25, 2005, for failure to state a claim; then Plaintiff's remaining claims, against the United States of America, were dismissed on April 29, 2005, for failure to state a claim and frivolousness. However, on appeal, the Fifth Circuit acknowledged that Plaintiff had earned only one strike as a result of the district court's disposition of his action. *See Eady v. U.S. Fed. Bur. of Prisons*, 207 F. App'x 381, 383 (5th Cir. Nov. 22, 2006) ("The district court's dismissal of [Plaintiff's] complaint as frivolous counts as [a] strike.").

In their Memorandum of Law, Defendants argue that, as of the present, Plaintiff has acquired three strikes. (Dkt. No. 59, Part 2, at 5-7.) Defendants are correct that Plaintiff has, *as of the present*, acquired at least three strikes; indeed, the number of strikes appears to be more in

---

[5] *See Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (stating that a "prisoner proceeding jointly under Rule 20 takes [the] risks for *all* claims in the complaint, whether or not they concern him personally."); *Pippin v. Frank*, 04-CV-582, 2205 U.S. Dist. Lexis 3385 at *2 (W.D. Wis. Mar. 1, 2005) (stating that according to the Seventh Circuit, "a prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally); *Bolden v. Bartley*, Civil No. 06-321-MJR, 2006 U.S. Dist. Lexis 31748 at *4 (S.D. Ill. May 19, 2006) (stating that "a prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally.").

the neighborhood of *seven*.[6] However, as Plaintiff astutely points out in his Opposition Memorandum of Law, he had not acquired three strikes *as of the date he "brought" the current*

---

[6] Specifically, the dispositions of Plaintiff's other actions are as follows:

(1) *Eady v. US Federal Bureau of Prisons*, 04-CV-0368, Orders of Dismissal (S.D. Tex. filed Feb. 25, 2005 and Apr. 29, 2005) (dismissing Plaintiff's claims against individual defendants on 2/25/05 for failure to state a claim, and dismissing Plaintiff's remaining claims on 4/29/05 for failure to state claim and frivolousness pursuant to Fed. R. Civ. P. 12[b][6] and 28 U.S.C. § 1915A[b][1]), *appeal dismissed*, No. 05-40730, Summary Opinion at 3 (5th Cir. filed Jan. 19, 2007) (dismissing appeal as "frivolous" and stating, "This dismissal will count as a strike against Eady under 28 U.S.C. § 1915(g). . . . The district court's dismissal of his complaint as frivolous counts as another strike.").

(2) *Eady v. Bureau of Prisons*, 02-CV-1225, Orders of Dismissal (S.D. Ill. filed Sept. 12, 2005 and March 26, 2007) (dismissing various of Plaintiff's claims as "frivolous" under 28 U.S.C. § 1915A on 9/12/05, and dismissing various of Plaintiff's claims for failure to state claim on 3/26/07).

(3) *Eady v. Head*, 04-CV-0648, Order of Dismissal (W.D. Tex. filed Oct. 7, 2004) (dismissing various of Plaintiff's claims for failure to state claim and frivolousness pursuant to 28 U.S.C. § 1915[e][2][B][ii]), *interlocutory appeal denied*, No. 04-51131, Order of Dismissal (5th Cir. filed Jan. 11, 2005) (denying interlocutory appeal for want of prosecution), *appeal docketed*, No. 06-51417, Notice (5th Cir. Oct. 23, 2006), *motion to proceed in forma pauperis during appeal denied*, No. 06-51417, Order (5th Cir. filed Jan. 9, 2007) (denying motion to proceed *in forma pauperis* on ground that appeal is frivolous under 28 U.S.C. § 1915[a][3]).

(4) *Eady v. United States of America*, 05-CV-0732, Order of Dismissal (M.D. Pa. filed May 9, 2005) (granting Plaintiff's motion for voluntary dismissal).

(5) *Eady v. United States of America*, 06-CV-1019, Order of Dismissal (N.D. Ga. filed May 19, 2006) (dismissing action as frivolous under 28 U.S.C. § 1915A), *motion to proceed in forma pauperis during appeal denied*, No. 06-13266, Order (11th Cir. filed July 11, 2006) (denying motion to proceed *in forma pauperis* on ground that appeal is "not taken in good faith" under 28 U.S.C. § 1915[a][3]), *appeal dismissed*, No. 06-13266, Order (11th Cir filed Oct. 26, 2006) (granting Plaintiff's "motion for voluntary dismissal").

(6) *Eady v. Lappin*, 05-CV-2862, Order of Dismissal (N.D. Ga. filed Dec. 1, 2005) (dismissing action as frivolous under 28 U.S.C. § 1915A), *motion to proceed in forma pauperis during appeal denied*, 05-CV-2862, Order (N.D. Ga. filed March 15, 2006) (denying motion to proceed *in forma pauperis* on ground that appeal is "frivolous" and "not taken in good faith" under 28 U.S.C. § 1915[a][3]), *appeal dismissed*, No. 06-11438-A, Order (11th Cir. filed Apr. 11, 2006) (dismissing appeal *sua sponte* for lack of jurisdiction).

*action* (between April and July of 2005). (Dkt. No. 60.) For example, two of the three actions cited by Defendants in their Memorandum of Law were clearly dismissed *after* Plaintiff "brought" the current action. Such dismissals, which post-date the filing of this action, may not count as "strikes" for purposes of determining whether or not Plaintiff may proceed (or may continue to proceed) *in forma pauperis* in the current action. *Cruz v. Marcial*, 01-CV-0406, 2002 WL 655520, at *1-2 (D. Conn. Apr. 18, 2002). Indeed, by its plain language, Section 1915 clearly requires that any such dismissals have occurred *before* Plaintiff "brought" the current action. *See* 28 U.S.C 1915(g) ("In no event shall a prisoner bring a civil action or appeal . . . under this section if the prisoner has, on 3 or more **prior** occasions, . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .") [emphasis added].

As a result, I recommend that the Court deny Defendants' motion to revoke Plaintiff's *informa pauperis* status and to conditionally dismiss his Complaint.

## II. PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff argues that Defendants' motion to dismiss is frivolous and has moved for sanctions pursuant to Fed. R. Civ. P. 11. (Dkt. No. 60). He argues that Defendants' motion is merely a defensive tactic meant to delay the resolution of any cause of action against them and to prejudice Plaintiff. (*Id*.)

Rule 11 provides in pertinent part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation; (2) the claims . . . therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and] (3) the allegations and other factual contentions have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b). The imposition of Rule 11 sanctions does not necessitate a finding of bad faith. *Musaelian v. Posada*, 94-CV-1461, 1997 WL 733865, at *1 (N.D.N.Y. Oct. 24, 1997) (McAvoy, C.J.). Rather, Rule 11 requires attorneys (and parties) to take responsibility for their claims by conducting a reasonable inquiry to ensure that their causes of action are "well-grounded in both law and fact." *Id*. "The test as to whether an attorney [or party] made a reasonable inquiry prior to signing a pleading is an objective standard of reasonableness under the circumstances at the time the attorney [or party] acted." *Musaelian*, 1997 WL 733865, at *1 (quoting *EEOC v. Tandem Computers, Inc*., 158 F.R.D. 224, 227 [D. Mass. 1994]).

Even where there has been a Rule 11 violation, the decision of whether or not to impose sanctions as a result of the violation is discretionary rather than mandatory. *See* Fed. R. Civ. P. 11(c); *Knipe v. Skinner*, 19 F.3d 72, 78 (2d Cir. 1994). Furthermore, the Second Circuit has stated that Rule 11 sanctions should be "imposed with caution." *Knipe*, 19 F.3d at 78. For example, the Second Circuit has "'instructed district courts to resolve all doubts in favor of the signer.'" *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993) [citations omitted].

Finally, as a procedural matter, "[a] motion for sanctions under this rule shall be made

9

separately from other motions or requests." Fed. R. Civ. P. 11(c)(1)(A).[7] Furthermore, Rule 11 requires that a motion for sanctions must first be served on the opposing party and may be filed with the Court only if the opposing party refuses to withdraw or correct the alleged sanctionable conduct within 21 days. *Id*. Finally, under Local Rule 7.1(a)(2), a motion for sanctions must be accompanied by an affidavit containing factual and procedural background as appropriate for the motion being made. L.R. 7.1(a)(2).

Here, Plaintiff has simply incorporated his request for sanctions into his Memorandum in Opposition to Defendants' motion to dismiss (Dkt. No. 60), and has not first given Defendants an opportunity to correct or withdraw their allegedly frivolous arguments. In addition, his request for sanctions is not accompanied by an affidavit. Thus, Plaintiff's motion for sanctions should be denied on procedural grounds.

In any event, even if Plaintiff had complied with the procedural requirements of Rule 11, I would nonetheless find that sanctions are not appropriate here. Even though I have concluded that Plaintiff had acquired at most two strikes at the time he filed this action, I find that there was an arguable (albeit incorrect) basis for Defendants' assertion that Plaintiff's *in forma pauperis* status should be revoked due to his accumulation of strikes. Plaintiff is a litigious litigant, having filed a voluminous number of actions and appeals while incarcerated. *See*, *infra*, Part III of this Order and Report-Recommendation. Determining which of those actions and appeals have resulted in "strikes" for purposes of 28 U.S.C. § 1915(g) is a complicated task, subject to

---

[7] *See Collins v. Morsillo*, 94-CV-884, 1994 WL 542204 at *1 (N.D.N.Y. Sept 19, 1994) (McAvoy, C.J.) (dismissing defendants' motion for sanctions where they failed to file a separate motion for sanctions as is required by Rule 11); *Daniel v. Safir*, 135 F. Supp.2d 367, 378 (E.D.N.Y. 2001) (denying defendants' motion, and plaintiff's cross-motion, for sanctions where they each incorporated their motion into their other motion papers).

reasonable mistakes of fact and reasonable misinterpretations of the law. *See*, *supra*, Part I of this Order and Report-Recommendation.

As a result, I deny Plaintiff's motion for sanctions.

### III.    REVOCATION OF PLAINTIFF'S SPECIAL STATUS

"There are circumstances where an overly litigious inmate, who is quite familiar with the legal system and with pleading requirements, may not be afforded [the] special solicitude" or status that is normally afforded *pro se* litigants.[8] Generally, the rationale for this revocation of special status (at least in the Second Circuit) is not that the *pro se* litigant should be punished but that his excessive litigiousness demonstrates his *experience*, the lack of which is the reason for conferring the special status upon *pro se* litigants in the first place.[9] Moreover, permitting

---

[8] *Smith v. Burge*, 03-CV-0955, 2006 WL 2805242, at *3 & n.3 (N.D.N.Y. Sept. 28, 2006) (Kahn, J., adopting report-recommendation of Lowe, M.J.) [citations omitted].

[9] *See, e.g., Johnson v. Eggersdorf*, 8 F. App'x 140, 143 (2d Cir. 2001) (unpublished opinion), *aff'g*, 97-CV-0938, Decision and Order (N.D.N.Y. filed May 28, 1999) (Kahn, J.), *adopting*, Report-Recommendation, at 1, n.1 (N.D.N.Y. filed Apr. 28, 1999) (Smith, M.J.); *Johnson v. C. Gummerson*, 201 F.3d 431, *2 (2d Cir. 1999) (unpublished opinion), *aff'g*, 97-CV-1727, Decision and Order (N.D.N.Y. filed June 11, 1999) (McAvoy, J.), *adopting*, Report-Recommendation (N.D.N.Y. filed April 28, 1999) (Smith, M.J.); *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994); *Edwards v. Selsky*, 04-CV-1054, 2007 WL 748442, at *2-3 (N.D.N.Y. March 6, 2007) (Mordue, C.J., adopting Report-Recommendation of Lowe, M.J.); *Rolle v. Garcia*, 04-CV-0312, 2007 WL 672679, at *4 (N.D.N.Y. Feb. 28, 2007) (Kahn, J., adopting Report-Recommendation of Lowe, M.J.); *Mora v. Bockelmann*, 03-CV-1217, 2007 WL 603410, at *4 (N.D.N.Y. Feb. 22, 2007) (Mordue, C.J., adopting Report-Recommendation of Homer, M.J.); *Brown v. Goord*, 04-CV-0785, 2007 WL 607396, at *2-3 (N.D.N.Y. Feb. 20, 2007) (McAvoy, J., adopting Report-Recommendation of Lowe, M.J.); *Mitchell v. Harriman*, 04-CV-0937, 2007 WL 499619, at *3 (N.D.N.Y. Feb. 13, 2007) (Sharpe, J., adopting Report-Recommendation of Homer, M.J.); *Sledge v. Kooi*, 04-CV-1311, 2007 WL 951447, at *3-4 (N.D.N.Y. Feb. 12, 2007) (Lowe, M.J.), *adopted by* 2007 WL 969576 (N.D.N.Y. March 28, 2007) (McAvoy, J.); *Gill v. Pidylpchak*, 02-CV-1460, 2006 WL 3751340, at *2 (N.D.N.Y. Dec. 19, 2006) (Scullin, J., adopting Report-Recommendation of Treece, M.J.); *Saunders v. Ricks*, 03-CV-0598, 2006 WL 3051792, at *2 (N.D.N.Y. Oct. 18, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.; *Gill v. Frawley*, 02-CV-1380, 2006 WL 1742738, at *3 (N.D.N.Y. June 22, 2006)

experienced *pro se* litigants to retain their special status (despite their litigation experience) would tilt the scales of justice unfairly in favor of the *pro se* litigant and against his opponents.[10] As observed by Judge Irving R. Kaufman, of the Second Circuit, regarding an active *pro se* litigant nearly 45 years ago:

---

(McAvoy, J., adopting Report-Recommendation of Lowe, M.J.); *Davidson v. Talbot*, 01-CV-0473, 2005 U.S. Dist. LEXIS 39576, at *20 (N.D.N.Y. March 31, 2005) (Treece, M.J.), *adopted by* 2006 U.S. Dist. LEXIS 47554 (N.D.N.Y. July 5, 2006) (Scullin, J.); *Gill v. Riddick*, 03-CV-1456, 2005 U.S. Dist. LEXIS 5394, at *7 (N.D.N.Y. March 31, 2005) (Treece, M.J.); *Yip v. Bd. of Tr. of SUNY*, 03-CV-0959, 2004 WL 2202594, at *3 (W.D.N.Y. Sept. 29, 2004); *Davidson v. Dean*, 204 F.R.D. 251, 257 & n.5 (S.D.N.Y. 2001); *Santiago v. C.O. Campisi*, 91 F. Supp.2d 665, 670 (S.D.N.Y. 2000); *McGann v. U.S.*, 98-CV-2192, 1999 WL 173596, at *2 (S.D.N.Y. March 29, 1999); *Hussein v. Pitta*, 88-CV-2549, 1991 WL 221033, at *4 (S.D.N.Y. Oct. 11, 1991).

[10]  *Edwards*, 2007 WL 748442, at *2; *Sledge*, 2007 WL 951447, at *3; *see also Hussein*, 1991 WL 221033, at *4 (concluding that experienced *pro se* litigant should no longer be afforded special leniency because continuing to afford him such leniency would be unfair to "numerous attorneys," whose time and energy had already been consumed by plaintiff); Jessica Case, "Pro se Litigants at the Summary Judgment Stage: Is Ignorance of the Law an Excuse?" 90 *Ky. L.J.* 701, 735-740 (Spring 2001) (discussing how extending special leniency to *pro se* litigants in some circumstances "distorts the adversarial system and the role of trial judges") [citing cases]; Julie M. Bradlow, "Procedural Due Process Rights of *Pro se* Civil Litigants," 55 *U. Chi. L. Rev*. 659, 672 (Spring 1988) (discussing how "extending too much procedural leniency to a *pro se* litigant risks undermining the impartial role of the judge in the adversary system") [citations omitted].

> He comes before this Court wearing the cloak of a *pro se* applicant, and seeks to extract from us the solicitude ordinarily afforded one appearing without counsel. But this should not shield him from rebuke when merited. He is an intelligent, able and sophisticated litigant, who is no stranger to this Court, having appeared frequently in his own behalf both in the District Court and the Court of Appeals. We would expect that one possessed of his background would be conscious of the outer limits of forceful advocacy and fully aware when his acts transgress those limits. Moreover, we are not to be manipulated by resourceful but meritless moves . . . . [which] serve only to distract us from important judicial business.[11]

Courts relying on the "experience" rationale for revoking a *pro se* litigant's special status look at a variety of factors in assessing whether or not the *pro se* litigant is experienced. Most often, these factors include (1) the number of previous federal court actions filed, (2) the number of previous federal court appeals filed, (3) the number of previous state court actions filed, (4) the number of previous state court appeals filed, and (5) the recency or simultaneity of the actions and/or appeals.[12]

There is, of course, no formula for determining "How many is too many?" However, *generally*, if a *pro se* litigant has filed a dozen or more actions and/or appeals before the date of the decision in question, it is quite possible that he will be deemed to be "experienced."[13]

---

[11]    *Raitport v. Chem. Bank*, 74 F.R.D. 128, 133 (S.D.N.Y. 1977) [citing *Ackert v. Bryan*, No. 27240 (2d Cir. June 21, 1963) (Kaufman, J., concurring)].

[12]    *See, e.g., Eggersdorf*, 8 F. App'x at 143; *Gummerson*, 201 F.3d at *2; *Flynn*, 32 F.3d at 31; *Frawley*, 2006 WL 1742738, at *3 & n.2; *Talbot*, 2005 U.S. Dist. LEXIS 39576, at *18-20 & n.10; *Riddick*, 2005 U.S. Dist. LEXIS 5394, at *7 & n.3; *Dean*, 204 F.R.D. at 257; *Santiago*, 91 F. Supp. 2d at 670; *McGann*, 1999 WL 173596, at *2, 8-10; *McClellan*, 1996 U.S. Dist. LEXIS 8164, at *3-4 & n.3; *Brown*, 1995 U.S. Dist. LEXIS 213, at *2 n.1.

[13]    *See, e.g., Eggersdorf*, 8 F. App'x at 143 (denying leniency to *pro se* civil rights inmate based on fact that at one point plaintiff had **twelve** simultaneously pending lawsuits in Northern District alone); *Gummerson*, 201 F.3d at *2 (denying leniency to *pro se* civil rights inmate based on fact that plaintiff had **twelve** simultaneously pending lawsuits in Northern

Granted, there are some cases revoking the special status of a *pro se* litigant who has filed *fewer* than a dozen cases.[14] However, there appear to be *more* cases refusing to revoke the special status of a *pro se* litigant who has filed fewer than a dozen cases.[15]

---

District alone); *Talbot*, 2005 U.S. Dist. LEXIS 39576, at *18-20 & n.10 (denying leniency to *pro se* civil rights inmate based on fact that plaintiff had filed **twenty** lawsuits in Northern District alone); *Riddick*, 2005 U.S. Dist. LEXIS 5394, at *7 & n.3 (denying leniency to *pro se* civil rights inmate based on fact that plaintiff had filed **twenty** lawsuits in Northern District alone). Interestingly, this *de facto* "rule of twelve" is consistent with the California Code of Civil Procedure, which declines to extend a reduction in small-claims-court filing fees to those litigants who have filed more than 12 small-claims lawsuits in the state within the previous 12 months. *See* Cal. Civ. Proc. § 116.230 (2006).

[14]    *See, e.g.*, *Santiago*, 91 F. Supp. 2d at 670 (denying leniency to *pro se* civil rights inmate based on fact that at one point plaintiff had **ten** lawsuits pending in Southern District); *Saunders v. Ricks*, 03-CV-0598, 2006 WL 3051792, at *2 & n.11 (N.D.N.Y. Oct. 18, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.) (denying leniency to *pro se* civil rights inmate who had previously filed **eight** federal court actions or appeals); *McClellan*, 1996 U.S. Dist. LEXIS 8164, at *3-4 & n.3 (denying leniency to *pro se* civil rights inmate based on fact that inmate had filed **seven** previous lawsuits against prison officials); *Brown*, 1995 U.S. Dist. LEXIS 213, at *2 n.1 (denying leniency to *pro se* civil rights inmate based on fact that plaintiff had **seven** lawsuits pending in Western District).

[15]    *See, e.g.*, *McEachin v. Faruki*, 03-CV-1442, 2006 WL 721570, at *2 n.3 (N.D.N.Y. March 20, 2006) (refusing to deny leniency to *pro se* civil rights inmate who had filed **eleven** other federal lawsuits since 2000); *Pritchett v. Portoundo*, 03-CV-0378, 2005 WL 2179398, at *2 n.3 (N.D.N.Y. Sept. 9, 2005) (refusing to deny leniency to *pro se* civil rights inmate who had filed **eight** other federal lawsuits since 1996); *Burke v. Seitz*, 01-CV-1396, 2006 WL 383513, at *2 n.5 (N.D.N.Y. Feb. 13, 2006) (refusing to deny leniency to *pro se* civil rights inmate who had filed **six** other federal lawsuits in previous nine years); *Ariola v. Onondaga County Sheriff's Dept.*, 04-CV-1262, 2007 WL 119453, at *3 (N.D.N.Y. Jan. 10, 2007) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.) (refusing to deny leniency to *pro se* civil rights inmate who had previously filed **five** actions or appeals in federal or state court); *Smith*, 2006 WL 2805242, at *3 & n.4 (refusing to deny leniency to *pro se* civil rights inmate based on his filing of **five** other lawsuits); *Abbas v. Senkowski*, 03-CV-0476, 2005 WL 2179426, at *2 n.4 (N.D.N.Y. Sept. 9, 2005) (continuing to afford special status to *pro se* litigant despite his litigation experience due to his having filed **three** other federal actions since 1997); *Loren v. Feerick*, 97-CV-3975, 1997 WL 441939, at *1 & n.9 (S.D.N.Y. Aug. 6, 1997) (continuing to afford special status to *pro se* litigant despite his litigation experience due to his having filed **three** previous actions in state court regarding current matter, and two previous actions in district court regarding current matter).

One reason for this array of cases is that, in determining whether or not a *pro se* litigant is "experienced," courts sometimes consider additional factors, such as the quality of the *pro se* litigant's submissions to the Court (e.g., whether they are typed, cogent, supported by applicable affidavits, exhibits, and/or memoranda of law, etc),[16] and whether or not the *pro se* litigant has been victorious (or partially victorious) in any of his previous actions or appeals.[17]

Here, Plaintiff has filed at least **eleven** federal court actions or appeals other than the current action.[18] Though many of those actions were ultimately unsuccessful, Plaintiff's papers

---

[16] *See, e.g.*, *Saunders*, 2006 WL 3051792, at *2 (in deciding whether *pro se* plaintiff should be denied special solicitude, considering the fact that, among other things, "with regard to the current action, . . . the motion papers that [p]laintiff has submitted over the past several years have often been fairly good–being typed, being accompanied by affidavits, and containing legal memoranda, exhibits, etc.").

[17] *See, e.g., Saudners*, 2006 WL 3051792, at *2 (in deciding whether *pro se* plaintiff should be denied special solicitude, considering the fact that plaintiff had settled two of his previous six federal court actions, receiving $25,000 in exchange for his agreement to voluntarily dismiss the actions, and the fact that some of plaintiff's motions in his many actions have been granted); *Ab v. Sekendur*, 03-CV-4723, 2004 WL 2434220, at *5 (N.D. Ill. Oct. 28, 2004) (considering, during decision of whether *pro se* plaintiff should be denied leniency normally afforded inexperienced *pro se* litigants, fact that "[plaintiff's] has successfully applied for and received . . . [a] patent, and as the record in this case indicates, he engaged in lengthy business negotiations with Anoto and various other corporations").

[18] Specifically, the nature of Plaintiff's other federal court actions and appeals are as follows:

(1) *Eady v. US Federal Bureau of Prisons*, 04-CV-0368, Orders of Dismissal (S.D. Tex. filed Feb. 25, 2005 and Apr. 29, 2005) (dismissing Plaintiff's claims against individual defendants on 2/25/05 for failure to state a claim, and dismissing Plaintiff's remaining claims on 4/29/05 for failure to state claim and frivolousness pursuant to Fed. R. Civ. P. 12[b][6] and 28 U.S.C. § 1915A[b][1]), *appeal dismissed*, No. 05-40730, Summary Opinion at 3 (5th Cir. filed Jan. 19, 2007) (dismissing appeal as "frivolous" and stating, "This dismissal will count as a strike against Eady under 28 U.S.C. § 1915(g). . . . The district court's dismissal of his complaint as frivolous counts as another strike.").

(2) *Eady v. Bureau of Prisons*, 02-CV-1225, Orders of Dismissal (S.D. Ill. filed Sept. 12, 2005 and March 26, 2007) (dismissing various of Plaintiff's claims as

in those actions–as well as the current action–have been quite good, being coherent, organized, and accompanied by memoranda of law, etc. For example, his Complaint in this action–though weighing in at a hefty 63 pages–is coherent, being typed and arranged into a verified statement of facts (which is chronologically organized) and a recitation of his three causes of action. (Dkt. No. 1.) Similarly, his Memorandum of Law in opposition to Defendants' current motion is typed, organized, cogent, supported by citations to case law, and supported by exhibits. (Dkt. No. 60.) Simply stated, Plaintiff has, through his other litigations, acquired such skill as a litigant that it would be unnecessary (and unfairly prejudicial to Defendants) to continue to cloak

---

"frivolous" under 28 U.S.C. § 1915A on 9/12/05, and dismissing various of Plaintiff's claims for failure to state claim on 3/26/07).

(3)   *Eady v. Head*, 04-CV-0648, Order of Dismissal (W.D. Tex. filed Oct. 7, 2004) (dismissing various of Plaintiff's claims for failure to state claim and frivolousness pursuant to 28 U.S.C. § 1915[e][2][B][ii]), *interlocutory appeal denied*, No. 04-51131, Order of Dismissal (5th Cir. filed Jan. 11, 2005) (denying interlocutory appeal for want of prosecution), *appeal docketed*, No. 06-51417, Notice (5th Cir. Oct. 23, 2006), *motion to proceed in forma pauperis during appeal denied*, No. 06-51417, Order (5th Cir. filed Jan. 9, 2007) (denying motion to proceed *in forma pauperis* on ground that appeal is frivolous under 28 U.S.C. § 1915[a][3]).

(4)   *Eady v. United States of America*, 05-CV-0732, Order of Dismissal (M.D. Pa. filed May 9, 2005) (granting Plaintiff's motion for voluntary dismissal).

(5)   *Eady v. United States of America*, 06-CV-1019, Order of Dismissal (N.D. Ga. filed May 19, 2006) (dismissing action as frivolous under 28 U.S.C. § 1915A), *motion to proceed in forma pauperis during appeal denied*, No. 06-13266, Order (11th Cir. filed July 11, 2006) (denying motion to proceed *in forma pauperis* on ground that appeal is "not taken in good faith" under 28 U.S.C. § 1915[a][3]), *appeal dismissed*, No. 06-13266, Order (11th Cir filed Oct. 26, 2006) (granting Plaintiff's "motion for voluntary dismissal").

(6)   *Eady v. Lappin*, 05-CV-2862, Order of Dismissal (N.D. Ga. filed Dec. 1, 2005) (dismissing action as frivolous under 28 U.S.C. § 1915A), *motion to proceed in forma pauperis during appeal denied*, 05-CV-2862, Order (N.D. Ga. filed March 15, 2006) (denying motion to proceed *in forma pauperis* on ground that appeal is "frivolous" and "not taken in good faith" under 28 U.S.C. § 1915[a][3]), *appeal dismissed*, No. 06-11438-A, Order (11th Cir. filed Apr. 11, 2006) (dismissing appeal *sua sponte* for lack of jurisdiction).

him in special status in this action.

As a result, I find that the circumstances warrant revoking Plaintiff's special status as a *pro se* litigant for the remainder of this action.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to revoke Plaintiff's *informa pauperis* status and to conditionally dismiss his Complaint. (Dkt. No. 59) be **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for sanctions (Dkt. Not. 60) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: April 30, 2007
       Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge