UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼

**DELTA L. EADY,**
      **Plaintiff,**

  vs.                 9:05-CV-0824
                         (NAM/GHL)

**HARLEY G. LAPPIN; KATHLEEN H. SAWYER;
HARRELL WATTS; M.F. RAY; KIM WHITE;
THOMAS E. WASHBURN; MICHAEL NALLY;
D.B. DREW; W.A. SHERROD; C. CHESTER;
C. SULLIVAN; E. MILLER; D. MARINI; S. LUCAS;
R. HALLADAY; CINK; DOBSON; S. LIBERTY;
T. ROOT; SMITH; M. PICERNO; MACNERLAND;
B. SALAMY; K. JOHNSON; D. RYAN; S. SNYDER;
BOUTIN; HAMILTON; W.R. EVANS; L. WINGER;
S.D. NILES; D.C. MALONEY; C. WILLIAMS;
D. RIEHLE; B. DOOLEY; J. DAVIS; SILVA; GONYEA;
STONE; P. SHIPMAN; R. BURDT; D. WILCOX; BAKER;
HOLTS; K. HAYES; SYNDER; FITZPATRICK; LOVETT;
BROWN; E. BROWN; HART; BESAW; POIRIER; DARRAH;
DESILEPS; STRAIGHT; LAPOINT; DUMAS; B. SHULL;
VANYSERLOO; BABCOCK; MINA; PHILLIPS; B. SHENE;
GODDEAU; FITZGERALD; J. PICKREIGN; JAMES DOE;
JIM DOE; and JERRY DOE,**

      **Defendants.**

☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼

APPEARANCES:            OF COUNSEL:

Delta L. Eady
4414 Grand Avenue
Chattanooga, Tennessee 37410
*Plaintiff Pro Se*

Richard S. Hartunian           Charles E. Roberts, Esq.
United States Attorney           Asst. U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198
*Attorney for Defendants*

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

**INTRODUCTION**

In this *pro se* civil rights action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), plaintiff claims that defendants violated his First, Fifth and Eighth Amendment rights while plaintiff was incarcerated at the Federal Correctional Institution (FCI) in Ray Brook, New York. Presently before the Court is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 41(b).[1] (Dkt. No. 89). Plaintiff has not opposed defendants' motion.

**BACKGROUND**

On July 1, 2005, plaintiff filed a complaint and an application to proceed *in forma pauperis*. (Dkt. Nos. 1 and 2). At the time the plaintiff filed the complaint, he was incarcerated at United States Penitentiary (U.S.P.) Lee in Jonesville, Virginia. (Dkt. No. 2). On February 21, 2006, plaintiff filed a Notice of Change of Address to U.S.P. Big Sandy in Inez, Kentucky. (Dkt. No. 12). On August 1, 2006, the Court granted defendants' request for an extension of time to answer the complaint. (Dkt. No. 51). On October 3, 2006, in lieu of an answer, defendants moved for an Order revoking plaintiff's *in forma pauperis* status and directing plaintiff to prepay filing costs or, in the alternative, for dismissal. (Dkt. No. 59). On November 17, 2006, plaintiff filed opposition to defendants' motion. (Dkt. No. 60). On April 30, 2007, United States Magistrate Judge George H. Lowe issued a Report and Recommendation denying defendants' motion. (Dkt. No. 61). On May 22, 2007, this Court issued a an Order approving the Report and Recommendation. (Dkt. No. 62). On August 27, 2007, plaintiff filed a Notice of Change of Address to FCI Atlanta. (Dkt. No. 64).

On October 1, 2007, the Court granted defendants second request for an extension of time

---

[1] The only remaining defendants are Stone, Hays, Holts and Miller.

to answer the complaint. (Dkt. No. 66). On February 22, 2008, after the Court denied defendants' third request for an extension of time to answer, defendants requested permission to file a motion to dismiss with a memorandum of law in excess of 25 pages. (Dkt. No. 76). The Court granted the request and on February 26, 2008, defendants filed a motion for summary judgment. (Dkt. No. 79). On July 21, 2008, the Court issued a Text Notice which stated that any response by plaintiff was due on or before August 8, 2008.[2] The Text Notice was served upon plaintiff via regular mail at FCI Atlanta with a copy of the "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion". On August 18, 2008, plaintiff filed a Notice of Change of Address indicating that his new address was 4414 Grand Avenue in Chattanooga, Tennessee. (Dkt. No. 81). On October 20, 2008, after plaintiff failed to respond to the motion, Magistrate Judge Lowe issued an Order warning plaintiff that defendants' motion was dispositive and that if he did not respond, the Court would entertain the motion without the benefit of plaintiff's arguments. (Dkt. No. 83). Magistrate Judge Lowe ordered:

> that plaintiff has THIRTY (30) DAYS from the filing date of this Order to submit a response to Defendants' motion for summary judgment.

The Order was served upon plaintiff, via regular mail at the Chattanooga address. Plaintiff did not respond or submit opposition to defendants' motion.

On September 30, 2009, Magistrate Judge Lowe issued a Report and Recommendation noting that, "[p]laintiff has not opposed the motion, despite having been advised of the consequences of failing to do so, and having been granted an extension of the deadline by which to do so". Magistrate Judge Lowe recommended summary judgment and dismissal of all of

---

[2] Due to a clerical error, there was a five month delay between the filing of the motion and the date that the Text Order was entered.

3

plaintiff's claims except:

> (1) the allegations against Defendant Stone in Paragraphs 155-59 of the complaint; (2) the allegations against Defendants Hays and Holts in Paragraphs 56-61 of the complaint; and (3) the allegation against Defendant Miller in Paragraph 242 of the complaint.[3]

Magistrate Judge Lowe directed defendants to answer those claims. (Dkt. No. 84). On October 21, 2009, this Court issued an Order adopting the Report and Recommendation in its entirety. (Dkt. No. 85). The Report and Recommendation was mailed to plaintiff at the Chattanooga address. On November 4, 2009, defendants filed an Answer to plaintiff's complaint. (Dkt. No. 86).

On November 18, 2009, Magistrate Judge Lowe issued a Mandatory Pretrial Discovery and Scheduling Order. (Dkt. No. 88). The order was served via regular mail, "on all non-ECF parties". On November 25, 2009, defendants sent a Notice to Take Deposition Upon Oral Examination to plaintiff's address of record scheduling a deposition on December 21, 2009 at the U.S. Attorney's Office in Syracuse, New York. Plaintiff did not respond to the Notice. On December 21, 2009, plaintiff did not appear and defense counsel attempted twice to contact plaintiff, via telephone, using the telephone number on record in the Clerk's Office. Plaintiff did not answer the telephone, respond to the inquiry or appear for the deposition. On May 11, 2010, defense counsel sent a letter to plaintiff, via Federal Express mail, requesting that plaintiff advise

---

[3] The Court permitted plaintiff to proceed with his Eighth Amendment claims based upon inadequate medical care with respect to: (1) claims that he was ordered to shovel snow; (2) claims that defendants failed to assign plaintiff to a lower bunk; and (3) claims regarding prescription medication. (Dkt. No. 84, p. 50-52). Specifically, plaintiff alleges that Officer Stone, "willfully exhibited negligence towards the plaintiff's serious medical needs and a proximate duty of care owed to the plaintiff, out of spite". (Compl., ¶ 159). Plaintiff alleges that Hays and Holts, "willfully exhibited negligence towards the plaintiff's present and future safety and well being, willfully failed to provide the plaintiff with a pillow, exhibited negligence toward the plaintiff's serious medical needs, sardonically mocked at the plaintiff to instill a chilling effect and boasted of their misconduct, in furtherance of the conspiracy." (Id. at ¶ 62). Plaintiff alleges that defendant Miller, "willfully failed to provide the plaintiff with his prescribed medication seized by the staff members on May 5, 2003, despite his request, and willfully failed to exercise prudent care towards the plaintiff's serious medical needs." (Id. at ¶ 242).

4

whether he planned to prosecute the case. Defense counsel suggested that if plaintiff did not wish to continue, that he execute an enclosed Stipulation of Voluntary Dismissal. Otherwise, defense counsel warned that the matter was subject to dismissal either on motion or *sua sponte* for lack of prosecution pursuant to the Local Rules and Rule 41 of the Fed. R. Civ. P.

On May 17, 2010, defendants filed the within motion to dismiss. This Court issued a Text Notice directing plaintiff to reply on or before June 11, 2010. The Text Notice was served on plaintiff via regular mail to the Chattanooga, Tennessee address. Plaintiff did not submit opposition. On June 29, 2010, after plaintiff failed to respond, Magistrate Judge Lowe issued an Order directing plaintiff to file a response to defendants' motion within 30 days. (Dkt. No. 90). Plaintiff did not respond to the within motion.

**DISCUSSION**

A party must diligently prosecute his case and comply with all of the court's orders in that case. *See* Fed. R. Civ. P. 41(b). Rule 41(b) states, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Second Circuit has held that dismissal is a harsh remedy and should only be utilized with "careful weighing". *Martens v. Tomann*, 273 F.3d 159, 179 (2d Cir. 2001). A *pro se* litigant has "an obligation to comply with court orders," and when that obligation is ignored, even the *pro se* litigant "must suffer the consequences." *See Reeves v. Monroe County*, 2009 WL 102947, at *2 (W.D.N.Y. 2009) (quoting *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir.1988)).

In deciding whether to dismiss a case under Fed. R. Civ. P. 41(b), a court should consider the following factors:

> (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3)

> whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate.

*Folk v. Rademacher*, 2005 WL 2205816, *3 (W.D.N.Y. 2005) (citations omitted); *see also U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

The factors weigh in favor of dismissal here. With respect to the first factor, the Court must determine whether: "(1) the failures were those of the plaintiff; and (2) the failures were of significant duration." *Scott v. Perkins*, 150 F. App'x 30, 33 (2d Cir. 2005) (citation omitted). In this case, both elements are present. There has been no communication from plaintiff in nearly two years. Other than filing a notification of a change of address[4], petitioner has taken no genuine steps to prosecute this case for nearly four years.[5] *See Reid v. New York City*, 2009 WL 2222608, at *4 (S.D.N.Y. 2009) (the duration of the plaintiff's failure to participate in the case exceeded one year and would plainly continue to expand if the case remained on the docket, thus, dismissal was justified). The Second Circuit has held that dismissal is warranted in cases involving neglect for far less time. *See Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666-68 (2d Cir. 1980) (six months of inactivity); *see also Ortiz v. Coughlin*, 173 F.3d 845 (2d Cir. 1999) ("there is no question that a two-year period of inactivity is substantial"). Plaintiff has provided no explanation for his failure to respond to defendants' motions, his failure to attend a deposition, or his failure to respond to defense counsel's inquiries regarding voluntary dismissal. Moreover, plaintiff has blatantly disregarded several Court Orders, Text Notices and Court-imposed deadlines. Despite the fact that defendants' first summary judgment motion was unopposed, the

---

[4] The last communication from plaintiff was on August 18, 2008 when plaintiff filed a change of address to Tennessee. (Dkt. No. 81).

[5] The last submission by plaintiff, other than a change of address, was a Response in Opposition to Defendants' Motion to Dismiss in November 2006. (Dkt. No. 60).

6

Court permitted plaintiff to proceed on certain causes of action. Plaintiff took no affirmative steps to pursue his case and failed to participate in discovery or appear for a deposition. Plaintiff continues to neglect this action and ignored the Magistrate's warnings that his failure to respond to this motion would result in dismissal. *See Williams v. Partrich*, 2008 WL 1847883, at *3 (S.D.N.Y. 2008) (the plaintiff's failure to heed the Court's warnings favored dismissal). Thus, this factor weighs in favor of dismissing all of plaintiff's remaining causes of action.

As for the second factor, both the Court and defense counsel have taken reasonable steps to provide plaintiff with notice that further delay would result in dismissal. The Court afforded plaintiff two opportunities to respond to each dispositive motion and, in total, issued four (4) Orders extending deadlines and advising plaintiff of the risks of failing to respond. The Court has repeatedly warned plaintiff of the consequences of his failure to respond. None of the Court's mailings have been returned as undeliverable and thus, the Court presumes that plaintiff received proper notification. *Smith v. Graziano*, 2010 WL 1330019, at *2 (N.D.N.Y. 2010).

As for the third factor, "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult. *See Gordon v. City of New York*, 2009 WL 1270215, at *2 (S.D.N.Y. 2009) (citing *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-194 (2d Cir. 1999)). In cases of "moderate or excusable neglect", a defendant must establish actual prejudice. *See Lyell Theater Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Here, the delay cannot be considered moderate as plaintiff has taken no action to prosecute this matter for nearly four years. *See Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 354 (S.D.N.Y. 2005) (holding that 21 months and the failure to appear at two pretrial conferences was not moderate). Moreover, plaintiff has not

offered an excuse or explanation for the delay. Defendants will continue to suffer prejudice not only from plaintiff's refusal to appear for a deposition but also due to the length of plaintiff's neglect and delay. Plaintiff commenced this action five years ago and it is likely that memories of witnesses have faded and that relevant documents have been discarded. *See Edwards v. Selksky*, 2007 WL 748442, at *4 (N.D.N.Y. 2007). Plaintiff has failed to contact the Court in two years and has taken no affirmative steps to prosecute the action in nearly four years. Based upon this inordinate and unreasonable delay, the Court may presume that defendants will suffer prejudice. *Williams*, 2008 WL 1847883, at *3 (citing *Lyell*, 682 F.2d at 43) (holding that prejudice may be presumed as a matter of law when the delay is prolonged)).

When balancing the interests of the Court in alleviating its docket against plaintiff's right to be heard, plaintiff cannot claim that **the Court** has denied him his right to be heard. If plaintiff has not been heard, it is the result of his own failure to prosecute this matter. *Folk*, 2005 WL 2205816, at *5 ("Plaintiff's own failure to litigate this matter is not a denial of Due Process.") (citation omitted). Even where plaintiff is a *pro se* litigant, his failure to take advantage of the opportunities afforded him in court will result in dismissal. *Jacobs v. County of Westchester*, 2008 WL 199469, at *6 (S.D.N.Y. 2008) (citing *Coss v. Sullivan County Jail Adm'r*, 171 F.R.D. 71, 72 (S.D.N.Y. 1997) (although the plaintiff was a *pro se* inmate, the court found the plaintiffs repeated failures to appear and respond, "compelling evidence of an extreme effect on court congestion") (internal quotation marks and citation omitted).

Plaintiff's lack of communication since August 18, 2008 constitutes "sufficiently extreme" neglect. The effect of lesser sanctions would be minimal as plaintiff has ignored repeated warnings by defense counsel and Court Orders. Thus, imposing sanctions would only

8

prolong the life of this claim and result in more burden on the Court and prejudice to defendants. *Webb v. Gummerun*, 2008 WL 699259, at *3 (N.D.N.Y. 2008); *see also Worytko v. County of Suffolk*, 2009 WL 1228236, at *1 (E.D.N.Y. 2009) (due to the plaintiff's repeated pattern of ignoring court orders, lesser sanctions would merely result in further waste of judicial resources). Based upon plaintiff's deliberate disregard of Court Orders and continued failure to respond to motion practice, the Court assumes that plaintiff has abandoned the action.

## CONCLUSION

It is hereby,

**ORDERED** that defendants' motion for dismissal (Dkt. No. 89) for failure to prosecute is granted, and it is further

**ORDERED** that this action is dismissed in its entirety.

**IT IS SO ORDERED.**

Date:  August 25, 2010

Norman A. Mordue
Chief United States District Court Judge

9